**Helen Morrow, Appellee, v. Blair McSteele, Appellant.**

**Gen. No. 23,588.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917.   Reversed and remanded. Opinion filed July 10, 1918.

### Statement of the Case.

Action by Helen Morrow, plaintiff, against Blair McSteele, defendant, to recover on a judgment note.

Plaintiff recovered a judgment by confession in the trial court against the defendant and two others on the note, all three being the makers of the note. Later, the court granted the defendant leave to appear and plead to the merits, and entered an order that the judgment was to stand as security. The defendant filed a plea of the general issue and two special pleas, one setting forth want of consideration, and the other, failure of consideration. With the pleadings in this condition, on motion duly made by the plaintiff, the case was placed on the short-cause calendar. Thereafter defendant moved to strike the case from the short-cause calendar on the ground that it was not at issue when

it was placed thereon, and was still not at issue at the time the motion was made. This motion was denied. Two days thereafter, the plaintiff. filed a document, which he termed a *similiter,* which contained a paragraph which was a *similiter* to the plea of the general issue which the defendant had filed. Other paragraphs followed in which the plaintiff traversed all the material allegations of the two special pleas, the paragraphs in question not being directed to the two special pleas as such, but to the various paragraphs that made up the two pleas. These paragraphs or replications concluded as follows: "Wherefore plaintiff avers that she should not be barred from maintaining her aforesaid action because of any matters or things hereinabove pleaded by the said defendant, or any of his servants or agents. Wherefore plaintiff asks judgment."

The day following the filing of this document, the case was reached for trial on the short-cause calendar. The defendant again moved to strike the case from that calendar, which motion was denied. Thereupon, the defendant interposed a demurrer to the replications as filed by the plaintiff, excepting the first paragraph which was in the form of a *similiter* to the plea of the general issue. The demurrer set up a number of special grounds relied upon, to the general effect that the replications did not answer the special pleas, but were directed to various paragraphs making up the pleas and also that they failed to show what, if any, consideration had passed from the plaintiff for the note in question, and further that the replications did not conclude with a verification or to the country. The court overruled the demurrer. Thereupon counsel for the defendant further objected to the hearing of the case on the short-cause calendar for the reason that it was not at issue at the time it was placed upon that calendar, and on the further ground that it was not yet at issue, and again moved the court to strike the

case from the short-cause calendar, which motion was overruled. A jury was then impaneled and the plaintiff presented her evidence, the defendant taking no part in the trial. At the conclusion of the plaintiff's evidence, the court directed the jury to find the issues for the plaintiff and assess her damages in the sum of $1,218. It appeared that the judgment as originally entered had been for a larger amount, being based upon an erroneous computation of the interest, whereupon the court entered an order to the effect that the judgment entered by confession was to stand, modified in amount, so as to make it a judgment for $1,218. From this judgment, the defendant appeals.

Charles Arnd and Frederick Arnd, for appellant.

No appearance for appellee.

Mr. Justice Thomson delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 1697*—*when error in placing case on short-cause calendar is not waived.* Under the rule of the Circuit Court that no case shall be noticed for trial on the short-cause calendar until it is at issue, a case cannot be placed on that calendar until an issue of fact has been formed on each of the pleas filed, and where, after a judgment by confession on a note has been reopened and defendant has filed a plea of the general issue and special pleas setting up want of consideration and failure of consideration, error in placing the case on the short-cause calendar over defendant's objection with the pleadings in that condition and in refusing to strike it therefrom on defendant's motion is not cured by the fact that replications were filed by the plaintiff the day before the cause was reached for trial on the short-cause calendar, and defendant's objections are not waived, where, after again moving to strike the cause from the short-cause calendar when it was reached, he took no part in the trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BILLS AND NOTES, § 364*—*when replications setting up want and failure of consideration are not demurrable.* In an action to recover on a promissory note, replications to special pleas setting up want of consideration and failure of consideration are not demurrable where, though loosely drawn and addressed to the various paragraphs of which the pleas are composed instead of to the pleas as such, they set forth that a valuable consideration for the note passed from plaintiff and in due course.

3. PLEADING, § 130*—*when conclusion of replication is sufficient.* It is sufficient if the conclusion of a replication is, in substance, to the country, even though it does not so conclude in terms.